HATCHER *v.* BAGWELL.

[72 South. 193.]

1. EXCHANGE OF PROPERTY. *Personalty. Remedies.*

    Where defendant swapped a mule against which there was a title note to plaintiff for a mare and afterwards the holder of the title note recovered possession of the mule, in such case the plain-

tiff was entitled to recover back his mare. In a horse trade of this kind there is, of course, a warranty of the titles to the animals, and when either title fails, the other party is entitled to a return of his animal because of the total failure of consideration.

2.. SAME.

In such case there was no waiver of the title by the appellant, because he declined to trade back and insisted that the title to the mule be made good.

APPEAL from the circuit court of Winston county.

HON. J. A. TEAT, Judge.

Replevin by J. W. Hatcher against Sam Bagwell. From an order of the circuit court affirming a judgment in a justice of the peace court for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*F. V. Brahan,* for appellant.

*L. H. Hopkins,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellant in this case, J. W. Hatcher, sued out in a justice of the peace court of Winston county a writ of replevin for the possession of one bay mare wrongfully detained by the appellee, Sam Bagwell. Judgment was rendered in favor of defendant in that court, and an appeal prosecuted to the circuit court, where judgment was also rendered in favor of the defendant, from which judgment this appeal is prosecuted.

From the uncontradicted facts in the case it appears that the appellee purchased a mule from one Watson, giving him as part payment of the purchase price a mule, and securing the balance of the debt by a note in which the title to the mule sold appellee was reserved in said Watson until the purchase price was all paid. The son of the appellee traded this mule to the appellant for the bay mare attempted to be replevied in this case. When the appellee learned of this horse trade he saw appellant and

offered to trade back, and explained to him that there was a title note outstanding against this mule. The appellant, however, declined, to trade back, but insisted that appellee make the title good. The record shows that there was an effort made by the appellee to do this, but, for some reason, it failed. In the meantime the appellant traded off the mule for a pony to one Whitmire. Watson, the holder of the title note to the mule, sued out a writ of replevin and was duly awarded the possession of this mule. *Young* v. *Salley,* 83 Miss. 365, 35 So. 571. Whitmire then called upon appellant, Hatcher, for a return of his pony, which Hatcher very promptly and properly did. Appellant then called upon appellee, Bagwell, for a return of his mare, but Bagwell declined to do this. Hence the necessity of this replevin suit.

In a horse trade of this kind there is, of course, a warranty of the titles to the horses; and, when either title fails, the other party is entitled to a return of his horse because of the total failure of consideration. There was no waiver of the title by the appellant in this case, for the reason that he insisted that appellee make the title good to the mule. It therefore follows that the court erred in not giving the peremptory instruction requested by appellant.

*Reversed and remanded.*